UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



**FILED**
JUN 09 2017
CLERK

| | |
|---|---|
| BRANDI & TIM BROUWER,<br><br>Plaintiffs,<br><br>vs.<br><br>AMCO INSURANCE COMPANY,<br><br>Defendant. | CIV. #17-4078<br><br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs Brandi Brouwer and Tim Brouwer, by and through their counsel of record, and for their causes of action against the Defendant, do hereby state and allege as follows:

## NATURE OF THE ACTION

This is a breach of contract and bad faith action brought by Plaintiffs Brandi Brouwer and Tim Brouwer ("Plaintiffs") against AMCO Insurance Company ("AMCO"). Plaintiff Brandi Brouwer was severely and permanently injured in an automobile collision that occurred on February 7, 2016, when she was struck by an underinsured driver. She seeks to be made whole pursuant to the benefits available to her as an insured under her policy with AMCO. Plaintiff Tim Brouwer seeks benefits for his loss of consortium claim for the damages he has suffered. They both also seek to hold AMCO accountable for its bad faith handling of their claims.

## PARTIES

1. Plaintiffs Brandi Brouwer and Tim Brouwer are citizens of the State of South Dakota and residents of Sioux Falls, Lincoln County.

2. Upon information and belief, Defendant AMCO is a corporation duly organized and existing under the laws of the State of Iowa, with its principal place of business in the State

of Iowa, which at all relevant times was duly authorized to issue insurance policies in the State of South Dakota.

## JURISDICTION AND VENUE

3.  Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.

4.  A substantial part of the events giving rise to this action occurred in South Dakota and, thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS

5.  AMCO provided auto coverage to the Plaintiff pursuant to an insurance policy issued as Policy Number PPAM0031516844-4 ("the Policy"). *See* Exhibit A. The Policy was fully paid, effective and in force during the relevant dates in this matter.

6.  The Plaintiff was an insured under the Policy, which provided underinsurance ("UIM") coverage up to a limit of Two Hundred Fifty Thousand Dollars ($250,000) per person, up to Five Hundred Thousand Dollars ($500,000) per accident. The Policy also provided medial payment coverage ("med pay") coverage up to a limit of $5,000. *See* Exhibit A.

7.  On February 7, 2016, while the Policy was in force, the Plaintiff was severely and permanently injured in an automobile collision. *See* Exhibit B. To date, she has incurred medical bills of approximately $113,000 as well as lost income. The collision and the Plaintiff's resulting injuries and other damages were the fault of Alysen Voss, who died at the collision scene. The collision between Ms. Voss and the Plaintiff's vehicle was solely and proximately caused by Ms. Voss's negligence and the Accident Report indicated that Ms. Voss was driving too fast for the road conditions.

8. The tortfeasor and the vehicle that she was driving were underinsured. Ms. Voss's carrier tendered a personal liability insurance payment in the amount of $100,000 to the Plaintiff. This amount represented Ms. Voss's policy limits. This payment was substantially less than any amount reasonably necessary to compensate the Plaintiff for her injuries and other damages sustained in the collision.

9. Pursuant to the procedure detailed in *Schmidt v. Clothier*, 338 N.W.2d 356 (Minn. 1983) and *Isaac v. Thanh Ho*, 825 N.W.2d 379 (2013), the Defendant was placed on notice of the tender of limits and was offered the opportunity substitute its own draft. The Defendant declined and waived the opportunity to substitute its draft or object to the settlement. As part of this waiver, the Defendant waived its right of subrogation against Ms. Voss's carrier and against the Plaintiff for medical payment benefits.

10. Plaintiffs accepted the offer of $100,000 on the Voss policy covering the tortfeasor and her vehicle.

11. The payment received from the policy covering the tortfeasor pursuant to the agreement did not fully compensate Plaintiff Brandi Brouwer for her serious and permanent injuries and other damages that the Plaintiffs suffered as a result of the automobile collision caused by the tortfeasor's negligence.

12. Plaintiffs thereafter sought recovery of the full value of their UIM benefits from the Defendant for Plaintiffs' uncompensated damages, in accordance with the terms of the Policy, and the Defendant wrongfully refused and still refuses payment of the same, which is a direct violation of SDCL 58-33-67.

## COUNT ONE
### (Breach of Contract)

13. Plaintiffs hereby reallege paragraphs 1-12 and all previous paragraphs and incorporate them as though fully set forth herein.

14. By virtue of its Policy of insurance in effect on February 7, 2016, and Plaintiffs' status as insureds under the Policy, AMCO is contractually obligated to pay the Plaintiffs' insurance benefits as a result of the automobile collision caused by Ms. Voss that occurred on February 7, 2016.

15. AMCO breached its duty to pay the Plaintiffs' insurance benefits pursuant to the Policy.

16. AMCO's breach of its duties under the Policy has resulted in substantial damages to the Plaintiffs.

17. AMCO's refusal to pay the full amount of said loss was vexatious and without reasonable cause and the Plaintiffs are entitled to attorneys' fees pursuant to SDCL 58-12-3.

## COUNT TWO
### (Bad Faith)

18. Plaintiffs hereby reallege paragraphs 1-17 and all previous paragraphs and incorporate them as though fully set forth herein.

19. Because the Policy constituted a contract of insurance between AMCO and the Plaintiffs, there existed an implied covenant of good faith and fair dealing between them.

20. The Plaintiffs suffered losses within the policy period that were compensable under the terms of the policy, provided timely notice to AMCO of the occurrence giving rise to coverage and demanded payment for the same.

21. The claim was not fairly debatable.

22. AMCO knew that there was a lack of reasonable basis for denial of the claim or acted in reckless disregard as to whether or not a reasonable basis existed for the denial of the full value of the policy benefits.

23. In addition to the denial of benefits, AMCO committed bad faith against the Plaintiffs in the following ways:

    (a) Delaying in processing and handling of Plaintiffs' claims for benefits;

    (b) Failing to conduct a reasonable investigation into the Plaintiffs' claims for benefits;

    (c) Failing to include all elements of damage required to be considered under South Dakota law; and

    (d) Failing to pay over the sum of benefits that AMCO reasonably believed to be due and owing to its insureds under the policy.

24. AMCO denied the Plaintiffs' claim for benefits and coverage in violation of the implied covenant of good faith and fair dealing and thereby committed bad faith.

25. At the time that AMCO denied Plaintiffs' claim for additional benefits, the Plaintiffs' right to additional benefits under the terms of the Policy was not fairly debatable.

26. AMCO's refusal to provide benefits and coverage and honor the plain terms of its insurance contract caused substantial damages to the Plaintiffs including, but not limited to, attorneys' fees, financial distress and emotional distress.

27. AMCO used unfair and deceptive acts and practices in dealing with the Plaintiffs' claim for coverage through, among other things, its failure to adhere to reasonable standards regarding the handling of the claim, its failure to reasonably investigate the claim and its failure to promptly settle Plaintiffs' claims in total when liability was clear.

28.     AMCO's refusal to provide coverage and to honor the plain terms of its insurance contract was willful, wanton and with reckless disregard, entitling the Plaintiffs to an award of punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for the following relief:

(1)     For Plaintiffs' compensatory, general, special and punitive damages in an amount that the jury deems just and proper under the circumstances;

(2)     For attorneys' fees pursuant to SDCL 58-12-3;

(3)     For Plaintiffs' costs and disbursements herein;

(4)     For pre-judgment and post-judgment interest; and

(5)     For such other and further relief as the Court determines to be just and proper.

Dated this 9th day of June, 2017.

**JOHNSON, JANKLOW, ABDALLAH, REITER & PARSONS, L.L.P.**

BY _____
Scott A. Abdallah   (sabdallah@janklowabdallah.com)
Shannon R. Falon   (shannon@janklowabdallah.com)
P.O. Box 2348
Sioux Falls, SD 57101-2348
(605) 338-4304

- and -

**CADWELL, SANFORD, DEIBERT & GARRY, L.L.P.**
Brett A. Lovrien (blovrien@cadlaw.com)
P.O. Box 2498
Sioux Falls, SD 57101
(605) 336-0828

*Attorneys for the Plaintiffs*

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable.

_____
Scott A. Abdallah
Shannon R. Falon
Brett A. Lovrien